Douglas H. Allsworth #017104
KUTAK ROCK LLP
8601 N. Scottsdale Road, Suite 300
Scottsdale, AZ 85253
Telephone: (480) 429-5000
e-Mail: doug.allsworth@kutakrock.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews,<br><br>    Plaintiff,<br><br>v.<br><br>Honest Tax, LLC (a Nevada Entity); Honest Tax, LLC (a California Entity); Matthew Levy; Jonathan Pineda; and Vanessa Oakes,<br><br>    Defendants. | Case No. 2:22-cv-02120-SMB (Consolidated with 2:23-cv-00250-DLR)<br><br>**RULE 26(f) CASE MANAGEMENT REPORT**<br><br>Judge:  Hon. Susan M. Brnovich |
| Jason Crews,<br><br>    Plaintiff,<br><br>v.<br><br>National Tax Advisory Services, LLC; Matthew Levy; Vanessa Oakes,<br><br>    Defendants. | |

At Plaintiff's request, Plaintiff and defense counsel[1] conferred by phone, on September 1, 2023, to discuss the matters set forth in Rule 26(f)(2).  In accordance with said

---
[1] Defense counsel has appeared on behalf of Defendants Honest Tax, LLC (a Nevada Entity), Honest Tax, LLC (a California Entity), National Tax Advisory Services, LLC, Matthew Levy, and Vanessa Oakes (collectively the "**Defendants**").

1

rule, and at Plaintiff's urging, Plaintiff and defense counsel submit this Rule 26(f) Case Management Report.

## I. STATEMENT OF THE NATURE OF THE CASE

Plaintiff brings this consolidated action to recover statutory damages for alleged willful violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and C.F.R § 64.1200 (the "**TCPA**").  Plaintiff also asserts state law claims premised on A.R.S. § 44-1278.

Plaintiff's claims relate to approximately eleven (11) telemarketing calls allegedly received by Plaintiff, on either his cell phone or a Google Voice number, between March of 2022 and December of 2022. Plaintiff alleges, in case no. 2:22-cv-02120, that Defendants Honest Tax, LLC were responsible for six of these calls.  Plaintiff alleges, in case number 2:23-cv-00250, that Defendant National Tax Advisory Services, LLC was responsible for five additional calls.  Plaintiff further alleges that the individual defendants may be held personally liable for any damage award, and that Defendants acted in concert as a joint venture.

## II. PROPOSED CHANGES TO RULE 26(a) DISCLOSURES

The parties do not propose changes to the disclosure requirements set forth in Rule 26(a).

## III. SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED

### A. Proposed Discovery By Plaintiff

Plaintiff believes the following discovery is warranted in this action which he believes is reasonable and proportional to the nature and number of violations alleged:

1. Discovery pertaining to nature, processes, and procedures used to place phone calls to Plaintiff.  This includes, but is not limited to, any automated dialing systems which may have been used, any other systems which were used independently or in conjunction with one another which could fall under the definition 47 U.S.C. § 227(a)(1), and which would be prohibited under 47 U.S.C. § 227(b)(1)(A);

. . .

2. Discovery pertaining to any alleged established business relationship as defined in 47 U.S.C. § 227(a);

3. Discovery pertaining to the usage of artificial or prerecorded voice to deliver a message without prior express consent from Plaintiff which would be prohibited under 47 U.S.C. § 227(b)(1)(B);

4. Discovery pertaining to the existence of written policy, available upon demand, for maintaining a do-not-call list which is required under C.F.R § 64.1200(c)(1);

5. Discovery pertaining to the training of personnel, and any entity assisting in compliance, in procedures established pursuant to the national-do-not-call rules as required under C.F.R § 64.1200(c)(2);

6. Discovery pertaining to defendants recording and disclosure of do-not-call requests and as required under C.F.R § 64.1200(c)(3);

7. Discovery pertaining to any training and/or policies regarding the identification of callers and telemarketers as required under C.F.R § 64.1200(c)(4);

8. Discovery pertaining to the existence and maintenance of do-not-call lists as required under C.F.R § 64.1200(c)(5);

9. Discovery pertaining to the willfulness of Defendants alleged calls;

10. Discovery pertaining the nature and extent involvement of each defendant in the any alleged calls;

11. Discovery pertaining to the exact number, time, and date of any calls placed to Plaintiff;

12. Discovery pertaining to the structure of Defendant's operations to the extent they operated as a joint venture;

13. Discovery pertaining to the extent members of defendant LLC's personally and directly participated in any alleged violations;

14. Discovery pertaining to the extent members of the defendant LLC's were aware or should have been aware of the conduct of the alleged violations.

. . .

1   Plaintiff intends to request written discovery, depositions, admission, and
2   interrogatories as permitted under Rules 26(b)(1), 32(a)(1), 33(a)(1), 34 and 36.

### B.  Defendants' Position Regarding Discovery

Defendants believe that Plaintiff intends to pursue voluminous discovery in this action for the purpose of imposing financial cost onto Defendants, in order to induce settlement.  Defendants propose that the Court limit discovery to party depositions, at least initially.  To the extent permitted, Defendants propose that written discovery requests be limited in number, as further proposed in Part VI, and confined to matters that are reasonably related to the specific calls alleged by Plaintiff.

Defendants are prepared to produce one or more witnesses, pursuant to Rule 30(b)(6) or otherwise, to testify regarding the telemarketing practices of the entity defendants, in 2022; regarding the roles (if any) of the individual defendants, in telemarketing activities; and regarding any information known by Defendants about the specific calls made to Plaintiff.  Defendants do not believe that any additional discovery sought by Plaintiff will be likely to shed material light on the factual or legal issues in dispute.

## IV.  DISCLOSURE, DISCOVERY AND/OR PRODUCTION OF ESI

Plaintiff may seek ESI if necessary. Plaintiff intends to exhaust other methods of discovery before production of ESI is requested.

Defendants do not believe the disclosure or production of ESI is likely to shed material light on the factual or legal issues in dispute, and such production would be disproportional to the needs of the case.

## V.  ISSUES REGARDING PRIVILEGE

The parties do not presently anticipate that issues will arise regarding claims of privilege or trial preparation materials.

## VI.  PROPOSED CHANGES IN THE LIMITATION ON DISCOVERY

### A.  Plaintiff's Position

Plaintiff does not propose limits on discovery, and request standard limits as prescribed in the Federal Rules of Civil Procedure. Plaintiff seeks to prove that eleven (11)

violative calls were made to him, that each call violated both 47 U.S.C. § 227(a) and 47 U.S.C. § 227(b), that a number of regulations were violated under C.F.R § 64.1200, that Defendants violated these regulations willfully, and that Defendants acted in concert as a joint venture. In order to be successful Plaintiff must prove multiple elements for each allegation. As such, Plaintiff believes Defendants seek to artificially restrict discovery to hinder his ability to prosecute his claims. Plaintiff plans to seek only discovery which is both relevant and proportional to alleged violations.

### B. Defendants' Position

Defendants propose that each side be limited to no more than five (5) interrogatories, five (5) requests for production of documents, and five (5) requests for admissions. Defendants further propose that each side be limited to three (3) depositions, with the time for each deposition limited to two (2) hours.

## VII. POTENTIAL ORDERS PURSUANT TO RULE 26(c)

Defendants intend to object to requests for discovery that seek confidential information from any Defendant, including without limitation any request for business or financial records, and/or information regarding personnel, employee discipline or other matters involving privacy interests. Defendants further intend to object to requests for discovery that are not reasonably related to the specific telemarketing calls at issue in this action. To the extent the court overrules any of Defendants' objections, a protective order may be warranted.

DATED this 28th day of September, 2023.

**KUTAK ROCK LLP**

By */s/ Douglas H. Allsworth*
　　Douglas H. Allsworth
　　8601 North Scottsdale Road, Suite 300
　　Scottsdale, Arizona  85253-2742

　　*Attorneys for Defendants*
　　*Honest Tax LLC, National Tax Advisory*
　　*Services, Matthew Levy & Vanessa Oakes*

By */s/ Jason Crews (with permission)*
Jason Crews
1515 North Gilbert Road, Suite 107-204
Gilbert, Arizona 85234

*Plaintiff in pro per*

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2023, I electronically filed the foregoing **RULE 26(f) CASE MANAGEMENT REPORT** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following CM/ECF registrants and mailed and emailed to anyone not registered:

Jason Crews
164 W. Laurel Ct.
Gilbert, AZ 85233
Jason.crews@gmail.com
602-295-1875
Plaintiff in pro per

By   */s/ Regina Smith*

KUTAK ROCK LLP
ATTORNEYS AT LAW
SCOTTSDALE

6

4861-1583-7313.2