Douglas H. Allsworth #017104
KUTAK ROCK LLP
8601 N. Scottsdale Road, Suite 300
Scottsdale, AZ 85253
Telephone: (480) 429-5000
e-Mail: doug.allsworth@kutakrock.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews,<br><br>    Plaintiff,<br><br>v.<br><br>Honest Tax, LLC (a Nevada Entity); Honest Tax, LLC (a California Entity); Matthew Levy; Jonathan Pineda; and Vanessa Oakes,<br><br>    Defendants.<br><br>Jason Crews,<br><br>    Plaintiff,<br><br>v.<br><br>National Tax Advisory Services, LLC; Matthew Levy; Vanessa Oakes,<br><br>    Defendants. | Case No. 2:22-cv-02120-SMB (Consolidated with 2:23-cv-00250-DLR)<br><br>**AMENDED RULE 26(f) CASE MANAGEMENT REPORT**<br><br>Judge:  Hon. Susan M. Brnovich |

    In accordance with the Court's October 2, 2023 order, Plaintiff and defense counsel conferred by phone, on October 12, 2023, to discuss the matters set forth in Rule 26(f)(2). Accordingly, Plaintiff and defense counsel submit this Joint Case Management Report.

## I. RULE 26(f) MEETING

The following persons attended the Rule 26(f) meeting and assisted in developing this report:

Plaintiff Jason Crews

Defense counsel Douglas Allsworth

Defense counsel Kevin Cole[1]

## II. LIST OF PARTIES

Plaintiff Jason Crews

Defendant Honest Tax, LLC (Nevada)

Defendant Honest Tax, LLC (California)

Defendant National Tax Advisory Services, LLC

Defendant Matthew Levy

Defendant Jonathan Pineda

Defendant Vanessa Oakes

## III. STATEMENT OF THE NATURE OF THE CASE

Plaintiff brings this consolidated action to recover statutory damages for alleged willful violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and C.F.R § 64.1200 (the "**TCPA**").  Plaintiff also asserts state law claims premised on A.R.S. § 44-1278.

Plaintiff's claims relate to approximately eleven (11) telemarketing calls allegedly received by Plaintiff, on either his cell phone or a Google Voice number, between March of 2022 and December of 2022. Plaintiff alleges, in case no. 2:22-cv-02120, that Defendants Honest Tax, LLC were responsible for six of these calls.  Plaintiff alleges, in case number 2:23-cv-00250, that Defendant National Tax Advisory Services, LLC was responsible for five additional calls.  Plaintiff further alleges that the individual defendants may be held personally liable for any damage award, and that all Defendants acted in concert as a joint venture.

---

[1] Kevin Cole expects to pursue admission pro hac vice in this action.

## IV. JURISDICTION

The Court has subject matter jurisdiction over this action because the claim arises under the TCPA. *Mims v. Arrow Financial Services, LLC,* 565 U.S. 368, 132 S.Ct. 740 (2012).

## V. PARTIES WHO HAVE NOT BEEN SERVED

All Defendants were either served or have appeared and consented to the Court's jurisdiction.

## VI. ADDITIONAL PARTIES

Plaintiff contends that he continues to receive calls which he alleges are violative of the protections in the TCPA. As a result, Plaintiff is currently in the process of preparing his third amended complaint and the accompanying motion for leave to file said motion. Plaintiff plans to file his motion shortly after the completion of this Amended Rule 26(F) Case Management Report. If Defendants continue to call Plaintiff in violation of the TCPA, then further parties will need to be added to this action.

## VII. CONTEMPLATED MOTIONS

The parties are not presently contemplating a need for either dispositive motions or evidentiary motions, but reserve the right to pursue appropriate relief following further investigation and discovery.

## VIII. UNITED STATES MAGISTRATE JUDGE

The parties have no objection to the assignment of the case to a magistrate judge.

## IX. STATUS OF RELATED CASES

Plaintiff is currently pursuing TCPA claims against other parties in the District of Arizona, but those cases involve different defendants.

## X. ISSUES RELATING TO PRESERVATION, DISCLOSURE, OR DISCOVERY OF ESI

Plaintiff may seek ESI if necessary. Plaintiff intends to exhaust other methods of discovery before production of ESI is requested.

Defendants do not believe the disclosure or production of ESI is likely to shed material light on the factual or legal issues in dispute, and such production would be disproportional to the needs of the case.

**XI.   ISSUES RELATING TO PRIVILEGE OR WORK PRODUCT**

The parties have not made any agreement regarding the post-production assertion of attorney-client privilege or work product protection.

**XII.   POTENTIAL RULE 502(d) ORDERS**

The parties have no objection to a Rule 502(d) order permitting the post-production assertion of attorney-client privilege or protection under the work product doctrine.

**XIII.   NECESSARY DISCOVERY**

   **A.   Proposed Discovery By Plaintiff**

Plaintiff believes the following discovery is warranted in this action which he believes is reasonable and proportional to the nature and number of violations alleged:

   1.   Discovery pertaining to nature, processes, and procedures used to place phone calls to Plaintiff.  This includes, but is not limited to, any automated dialing systems which may have been used, any other systems which were used independently or in conjunction with one another which could fall under the definition 47 U.S.C. § 227(a)(1), and which would be prohibited under 47 U.S.C. § 227(b)(1)(A);

   2.   Discovery pertaining to any alleged established business relationship as defined in 47 U.S.C. § 227(a);

   3.   Discovery pertaining to the usage of artificial or prerecorded voice to deliver a message without prior express consent from Plaintiff which would be prohibited under 47 U.S.C. § 227(b)(1)(B);

   4.   Discovery pertaining to the existence of written policy, available upon demand, for maintaining a do-not-call list which is required under C.F.R § 64.1200(c)(1);

   5.   Discovery pertaining to the training of personnel, and any entity assisting in compliance, in procedures established pursuant to the national-do-not-call rules as required under C.F.R § 64.1200(c)(2);

6. Discovery pertaining to defendants recording and disclosure of do-not-call requests and as required under C.F.R § 64.1200(c)(3);

7. Discovery pertaining to any training and/or policies regarding the identification of callers and telemarketers as required under C.F.R § 64.1200(c)(4);

8. Discovery pertaining to the existence and maintenance of do-not-call lists as required under C.F.R § 64.1200(c)(5);

9. Discovery pertaining to the willfulness of Defendants alleged calls;

10. Discovery pertaining the nature and extent involvement of each defendant in the any alleged calls;

11. Discovery pertaining to the exact number, time, and date of any calls placed to Plaintiff;

12. Discovery pertaining to the structure of Defendant's operations to the extent they operated as a joint venture;

13. Discovery pertaining to the extent members of defendant LLC's personally and directly participated in any alleged violations;

14. Discovery pertaining to the extent members of the defendant LLC's were aware or should have been aware of the conduct of the alleged violations.

Plaintiff intends to request written discovery, depositions, admission, and interrogatories as permitted under Rules 26(b)(1), 32(a)(1), 33(a)(1), 34 and 36.

**B.      Defendants' Position Regarding Discovery**

Defendants believe that Plaintiff intends to pursue voluminous discovery in this action for the purpose of imposing financial cost onto Defendants, in order to induce settlement. Defendants propose that the Court limit discovery to party depositions, at least initially. To the extent permitted, Defendants propose that written discovery requests be limited in number, as further proposed in Part VI, and confined to matters that are reasonably related to the specific calls alleged by Plaintiff.

Defendants are prepared to produce one or more witnesses, pursuant to Rule 30(b)(6) or otherwise, to testify regarding the telemarketing practices of the entity defendants, in

2022; regarding the roles (if any) of the individual defendants, in telemarketing activities; and regarding any information known by Defendants about the specific calls made to Plaintiff. Defendants do not believe that any additional discovery sought by Plaintiff will be likely to shed material light on the factual or legal issues in dispute.

### XIV.  PROPOSED CHANGES IN THE LIMITATION ON DISCOVERY

#### A. Plaintiff's Position

Plaintiff does not propose limits on discovery, and request standard limits as prescribed in the Federal Rules of Civil Procedure. Plaintiff seeks to prove that eleven (11) violative calls were made to him, that each call violated both 47 U.S.C. § 227(a) and 47 U.S.C. § 227(b), that a number of regulations were violated under C.F.R § 64.1200, that Defendants violated these regulations willfully, and that Defendants acted in concert as a joint venture. In order to be successful Plaintiff must prove multiple elements for each allegation. As such, Plaintiff believes Defendants seek to artificially restrict discovery to hinder his ability to prosecute his claims. Plaintiff plans to seek only discovery which is both relevant and proportional to alleged violations.

#### B. Defendants' Position

Defendants propose that each side be limited to no more than five (5) interrogatories, five (5) requests for production of documents, and five (5) requests for admissions. Defendants further propose that each side be limited to three (3) depositions, with the time for each deposition limited to two (2) hours.

### XV.  PROPOSED DEADLINES

The parties propose that the Court adopt the following deadlines:

| | |
|---|---|
| Completion of fact discovery: | July 12, 2024 |
| Disclosure of expert opinions: | January 12, 2024 |
| Disclosure of rebuttal expert opinions: | March 29, 2024 |
| Completion of expert depositions: | June 28, 2024 |
| Filing of dispositive motions: | July 12, 2024 |

The parties have previously engaged in good faith settlement discussions and expect to have further dialogue.

## XVI. PROSPECTS FOR SETTLEMENT

The parties are presently at an impasse in settlement negotiations but believe they would benefit from a court facilitated settlement conference.

DATED this 24th day of October, 2023.

**KUTAK ROCK LLP**

By */s/ Douglas H. Allsworth*
Douglas H. Allsworth
8601 North Scottsdale Road, Suite 300
Scottsdale, Arizona  85253-2742

*Attorneys for Defendants
Honest Tax LLC, National Tax Advisory
Services, Matthew Levy & Vanessa Oakes*

By */s/ Jason Crews (with permission)*
Jason Crews
1515 North Gilbert Road, Suite 107-204
Gilbert, Arizona 85234

*Plaintiff in pro per*

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2023, I electronically filed the foregoing **RULE 26(f) CASE MANAGEMENT REPORT** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following CM/ECF registrants and mailed and emailed to anyone not registered:

Jason Crews
164 W. Laurel Ct.
Gilbert, AZ 85233
Jason.crews@gmail.com
602-295-1875
Plaintiff in pro per

By  */s/ Regina Smith*

4861-1583-7313.2